**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA,                                                              PETITIONER

v.                                              4:11CR00213-JLH-1

HERMAN EATON,                                                                              RESPONDENT

**ORDER**

**I.    BACKGROUND**

The Court saw Mr. Eaton on October 13, 2011 for his initial appearance and plea and arraignment. The Court appointed a member of the Federal Public Defender's Office to represent Mr. Eaton and he waived an immediate detention hearing but reserved his right to request a hearing at a later date. On October 17, 2011, at Mr. Eaton's request, the Court scheduled a detention hearing for October 20, 2011. On October 19, 2011, Mr. Eaton's counsel believed a conflict existed and filed a Motion to Withdraw and Substitute Counsel (Doc. No. 19). Accordingly, on October 20, 2011, at the start of the detention hearing, the Court appointed Mr. Blake Hendrix, Esquire, an experienced member of the bar and a member of the Criminal Justice Act Panel.

During the detention hearing, the Government proceeded on the 18 U.S.C. § 3142(e) presumption that Mr. Eaton was a flight risk and a danger to the community based on the nature of his charges. In rebutting the presumption, Mr. Eaton presented several witnesses; one was Ms. Tracy Williams, Mr. Eaton's fiancé. Ms. Williams was offered as a proposed third-party custodian. Ms. Williams was unemployed and lived in a three-bedroom house with her two children. She testified that if the Court allowed her to serve as Mr. Eaton's third-party custodian, Mr. Eaton, his four children and one grandchild would all move into Ms. Williams' residence. After hearing from Mr. Eaton's witnesses, the Court found that Mr. Eaton had met his burden of production and rebutted the presumption of detention.

The Government moved forward with its motion for detention. The Court heard evidence of Mr. Eaton's criminal history involving charges of domestic violence and evidence supporting the strength of the Government's case charging him with police corruption and possession with intent to distribute heroin.

After considering all of the evidence, the Court found that Mr. Eaton was a danger to the community and that no condition or combination of conditions of release could reasonably assure the safety of the community. Specifically, the Court took note of the weight of the Government's evidence against Mr. Eaton, his criminal history, and his history of domestic violence with past girlfriends and at least one sister. Additionally, under the history-and-characteristics-of-the-person factor, the Court found that the strength of the Government's case against Mr. Eaton as a police officer suggested his release could pose a special danger to the community. Finally, the Court rejected the proposed living arrangement offered by the defense because it was a "pressure cooker," given Mr. Eaton's history of domestic violence.

After advising Mr. Eaton that he was to be detained, defense counsel notified the Court that Mr. Eaton's niece, Vivian Eaton, came to him during a recess and offered to serve as his third-party custodian. Defense counsel stated that he did not have the time to factually develop that option and that he would likely file a motion for reconsideration or a motion to reopen at a later date. On November 1, 2011, Mr. Eaton filed a Motion to Reopen and Reconsider Order of Detention (Doc. No. 17).

## II.    ANALYSIS

A detention hearing may only be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18

U.S.C. § 3142(f). The matter should not be reopened if the evidence was available at the time of the initial hearing. *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Flores*, 856 F. Supp. 1400, 1405–07 (E.D. Cal. 1994).

The Court finds that the proposed new information – Vivian Eaton now willing to serve as an alternative third-party custodian – was, in fact, known and available to Mr. Eaton at the time of his hearing. And Mr. Eaton's arguments that his counsel was appointed just prior to the start of his detention hearing and that counsel did not have sufficient time to develop Vivian Eaton as a third-party custodian prior to the hearing are unavailing.

The Court also finds that proposal of Vivian Eaton as a third-party custodian does not bear materially on the issue of whether Mr. Eaton poses a danger to the community. While the Court did reject Ms. Williams as a third-party custodian due to the proposed living arrangements, this was not this Court's only basis for ordering Mr. Eaton's detention. Rather, the Court found clear and convincing evidence that Mr. Eaton posed a significant danger to the community if he was released. Such a finding under the Bail Reform Act precludes any form of conditional release, including release under the supervision of a third-party custodian. *See* 18 U.S.C. § 3142(e). So, the fact that Mr. Eaton's niece is now willing to serve as his custodian has no material bearing on that issue.

### III.  CONCLUSION

Accordingly, Mr. Eaton's Motion to Reopen and Reconsider Order of Detention (Doc. No. 17) is DENIED. Mr. Eaton is to remain in the custody of the United States Marshal.

IT IS SO ORDERED this 9th day of December, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE